1

2

3

4

5

6              UNITED STATES DISTRICT COURT

7                  DISTRICT OF NEVADA

8                          * * *

                                )
9    SALESTRAQ AMERICA, LLC,     )
                                )
10              Plaintiff,       )        2:08-CV-01368-LRH-LRL
                                )
11   v.                          )
                                )        ORDER
12   JOSEPH A. ZYSKOWSKI and      )
     DEVMARKETING, INC.,          )
13                               )
                Defendants.      )
14   _____)

15          Before the court is Plaintiff SalesTraq America, LLC's ("SalesTraq") Motion for

16   Preliminary Injunction (#16[1]).  Defendants Joseph Zyskowski and devMarketing, Inc.

17   ("devMarketing") filed an opposition (#17) to which SalesTraq replied (#21).

18   **I.      Facts**

19          **A.  SalesTraq's Evidence**

20          SalesTraq is a business that provides information regarding Las Vegas-area residential

21   property on a fee-subscription basis.  Before its formation, SalesTraq's current president, Larry

22   Murphy, accumulated a large number of floor plans and information sheets published by Las Vegas

23   builders.  In the course of arranging these materials into a compilation, Murphy authored three sets

24   of numeric designators.  These designators are searchable by computer algorithm and encapsulate

25

26

_____

[1]Refers to the court's docket entry number

information concerning the attributes and location of each house plan in the compilation ("Information Content").  The Information Content indicates the ages of houses, the number of alternative floor plans available for a given house model, and the builder associated with a given floor plan.  On a typical page of SalesTraq's compilation, the Information Content appears in the form of a "Details" box, which includes either a floor plan number or a model number, although some pages include both numbers.

Since 1997, SalesTraq has provided its compilation to subscribers in two formats: its website at salestraq.com and a CD-ROM or DVD.  From August 2000 through August 2001, Defendant Zyskowski held a six-month SalesTraq subscription and received multiple CD-ROMs or DVDs.  Zyskowski also held a six-month subscription to salestraq.com beginning September 20, 2007.

In late 2007, Murphy discovered devMLS.com, a website owned by Defendant devMarketing.  Murphy believes Defendants copied content from salestraq.com and placed that content on devMLS.com.  In particular, Murphy asserts that floor plans on devMLS.com contain Information Content associated with the same floor plans on salestraq.com.

**B.  Defendants' Evidence**

In 2007, Defendant Zyskowski decided to create a database for real estate agents in the Las Vegas area.  As part of this endeavor, Zyskowski and a computer technician entered information concerning all active Las Vegas area new home developments.  After developing the active listing database, Zyskowski decided to create an archived listings database containing floor plans and information about house models in closed developments.  To obtain this information, Zyskowski purchased access to SalesTraq's database and reviewed its archived files.  If a floor plan was included in an archived listing, Zyskowski used that floor plan and associated information to create an archived listing in devMLS's database.

While reviewing SalesTraq's database, Zyskowski noticed floor plan numbers and model

2

numbers appearing on floor plan drawings.  Zyskowski believed that the numbers were created by builders or developers to identify floor plans or models.  He therefore indicated the floor plan numbers and some model numbers in the archived section of devMLS.com.  The floor plan numbers and model numbers in devMLS.com's archived listings have no effect on the website's search function and have no significance for a devMLS.com user.  Rather, each listing in the devMLS database is assigned a unique "devMLS number," and the archived listings are ordered by square footage.

## II.    Legal Standard

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Res. Def. Council*, 129 S. Ct. 365, 376 (2008).  To succeed, a plaintiff seeking a preliminary injunction must establish the following: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest.  *Id.* (citations omitted).[2]

## III.    Discussion

SalesTraq seeks a preliminary injunction on the basis that it will likely succeed on its claims for copyright infringement, breach of a nonexclusive license, and commercial appropriation.  The court now turns to each of these claims in turn.

### A.  Copyright Infringement

To establish a prima facie case of copyright infringement, a plaintiff must demonstrate the following: "(1) ownership of the allegedly infringed material and (2) violation by the alleged

---

[2]Prior to *Winter*, the Ninth Circuit also applied an alternative, "sliding-scale" test.  The Court in *Winter* did not discuss the continued validity of the this sliding scale approach.  However, in light of the *Winter* decision, the Ninth Circuit has indicated, "To the extent our cases have suggested a lesser standard, they are no longer controlling, or even viable."  *Am. Trucking Associations v. City of Los Angeles*, 559 F.3d 1046 (9th Cir. 2009).  Accordingly, this court will follow the Supreme Court and require Plaintiff to make a showing on all four of the preliminary injunction requirements.

infringer of at least one of the exclusive rights granted to copyright holders." *LGS Architects, Inc. v. Concordia Homes*, 434 F.3d 1150, 1156 (9th Cir. 2006).  The court concludes SalesTraq has failed to show a likelihood of success on its copyright infringement claim.  Specifically, SalesTraq has not made an adequate showing under the second prong of a copyright infringement claim: Defendants' violation of one of the exclusive rights granted to SalesTraq by a copyright in the Information Content.

The court will assume for purposes of SalesTraq's motion that the Information Content is copyrightable expression by its coordination or arrangement of facts concerning the location, age, builder, alternative floor plans, and builder associated with each floor plan.  *See Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 357-58 (1991) (stating that facts may be copyrightable when they are selected, coordinated, or arranged in an original manner).  SalesTraq has failed to show, however, that Defendants copied SalesTraq's coordination or arrangement of these underlying facts.  *See id.* at 361 (stating that not all copying is copyright infringement); 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 13.01[B] (2009) (stating that even if a defendant copied a plaintiff's work, the question still remains whether the copying gives rise to liability for infringement).

Defendants, of course, acknowledge that devMLS.com displays the Information Content in the form of floor plan numbers or model numbers.  Crucially, however, Defendants also present uncontroverted evidence, that the numeric Information Content has no significance for a devMLS.com user.  (*See* Second Supplemental Decl. of Joseph A. Zyskowski (#18) ¶ 14.)  Indeed, it appears the Information Content serves only as a means for searching facts on SalesTraq's database.  (*See* Murphy Aff. (#16) Ex. 1 ¶ 6) ("The Information Content thus reduces into numerical form, easily searchable via computer algorithm, several different types of information that may be important to people searching the SalesTraq compilation . . . .").  Thus, while the Information Content may serve as a designator for a creative arrangement or coordination of facts

at salestraq.com, based on the present record, the court finds the Information Content is merely an unprotected set of arbitrary numbers in the context of devMLS.com. *See e.g.*, *Toro Co. v. R&R Products Co.*, 787 F.2d 1208, 1213 (8th Cir 1986) (holding that arbitrarily assigned part numbers are not original expression). SalesTraq has therefore failed to show that Defendants' copied a protectible element of SalesTraq's compilation. As such, SalesTraq has not demonstrated a likelihood of success on the merits of its copyright infringement claim.

**B. Breach of an Implied License**

Turning now to SalesTraq's breach of an implied license claim, SalesTraq must prove (1) the parties intended to contract, (2) the parties exchanged promises, and (3) Defendants promised not to place SalesTraq's content on Defendant's website. *See Smith v. Recrion Corp.*, 541 P.2d 663, 665 (Nev. 1975). Here, although SalesTraq presents invoices indicating that Zyskowski purchased multiple subscriptions to SalesTraq's services, the court is unable to discern how these documents imply limitations on Defendants' use of SalesTraq's compilation. SalesTraq has therefore failed to show a likelihood of success on its breach of an implied license claim.

**C. Commercial Misappropriation**

SalesTraq's evidentiary deficiency also extends to its commercial misappropriation claim. Although Nevada has yet to recognize a claim for misappropriation of non-trade-secret information, the court believes, if presented with the issue, the Nevada Supreme Court would recognize such a claim. Nevada currently recognizes conversion and unjust enrichment, claims closely related to commercial misappropriation. *See Mainor v. Nault*, 101 P.3d 308, 317 (Nev. 2004); *Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043, 1048 (Nev. 2000). Moreover, California, which Nevada has followed when recognizing new commercial tort theories,[3] presently recognizes

---

[3]*See U.S. Fidelity & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975) (looking to California law as persuasive authority for establishing the implied covenant of good faith and fair dealing in the insurance context).

1   a claim for misappropriation of non-trade-secret information.  *See U.S. Golf Ass'n v. Arroyo*

2   *Software Corp.*, 81 Cal. Rptr. 2d 708, 714 (Ct. App. 1999).

3           The current record, however, does not demonstrate SalesTraq is likely to succeed on its

4   claim.  A claim for commercial misappropriation consists of the following elements:

5           (a) the plaintiff invested substantial time, skill or money in developing its property; (b)
        the defendant appropriated and used the plaintiff's property at little or no cost to the
6       defendant; (c) the defendant's appropriation and use of the plaintiff's property was
        without the authorization or consent of the plaintiff; and (d) the plaintiff can establish
7       that it has been injured by the defendant's conduct.

8   *Id.*  In support of contention that it will succeed on its commercial misappropriation claim,

9   SalesTraq briefly addresses the first three elements but fails to provide any evidence concerning the

10  fourth, that is, whether SalesTraq has been injured by Defendants' conduct.  Rather, SalesTraq

11  avers only that "SalesTraq has been injured, to an extent that discovery will make more clear, by

12  Defendants' misappropriation, in that SalesTraq has lost potential and existing subscribers to

13  Defendants due to Defendants' misappropriation."  (Mot. Prelim. Inj. (#16) at 12:6-8.)   This

14  assertion, however, without any evidentiary support is insufficient to meet SalesTraq's burden of

15  showing a likelihood of success on the merits.  SalesTraq's motion for a preliminary injunction is

16  therefore denied.

17  **IV.    Conclusion**

18          SalesTraq's evidence is sufficient to show that it may ultimately succeed on the merits of

19  this action.  Nevertheless, the present record falls short of the burden SalesTraq must meet to

20  warrant issuance of a preliminary injunction.  While further discovery may provide the requisite

21  showing, the court cannot grant SalesTraq's motion based upon the current record.

22  ///

23  ///

24  ///

25  ///

26

1     IT IS THEREFORE ORDERED that SalesTraq's Motion for Preliminary Injunction (#16)

2   is DENIED.

3     IT IS SO ORDERED.

4     DATED this 10th day of June, 2009.

5

6     _____

7     LARRY R. HICKS
      UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26