UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

|  |  |
|---|---|
| SALESTRAQ AMERICA, LLC,  )<br>                                                    )<br>            Plaintiff,                     )<br>                                                    )<br>    v.                                            )<br>                                                    )<br>JOSEPH A. ZYSKOWSKI,       )<br>DEVMARKETING, INC.,          )<br>                                                    )<br>            Defendants.              )<br>                                                    ) | 2:08-cv-01368-LRH-LRL<br><br>ORDER |

     Before the court is defendants' motion for summary judgment filed on September 28, 2009. Doc. #39[1]. Plaintiff SalesTraq America, LLC ("SalesTraq") filed a response on October 16, 2009. Doc. #45. Thereafter, defendants filed a reply on October 30, 2009. Doc. #48.

**I.    Facts and Background**

     Since 1994, SalesTraq has been in the business of publishing, on a fee-for-subscription basis, a compilation of floor plans for residential property in the Las Vegas area through its website salestraq.com. The SalesTraq compilation also includes a wide variety of additional content; pictures, measurements, architectural features, age of homes, builders and developers ("Information Content"). On September 10, 2008, SalesTraq was issued a copyright (TX0006864245) for its

---

[1] Refers to the court's docket number.

1  compilation. In conjunction with the compilation, SalesTraq developed numeric designators that
2  are searchable through salestraq.com's unique computer search algorithms and which reference
3  different portions of the Information Content.
4        Defendant Joseph A. Zyskowski ("Zyskowski") is the president of defendant devMarketing,
5  Inc. ("devMarketing"). In 2007, defendants created a property database for the Las Vegas area and
6  began operating a website, devMLS.com, which publishes active listings of all open home
7  developments. Defendants purchased a six-month subscription to salestraq.com to expand the
8  database by copying SalesTraq's archived floor plans.
9        SalesTraq subsequently brought suit for copyright infringement. Doc. #1. Thereafter,
10 defendants filed the present motion for summary judgment. Doc. #39.

11 **II.    Legal Standard**

12       Summary judgment is appropriate only when "the pleadings, depositions, answers to
13 interrogatories, and admissions on file, together with the affidavits, if any, show that there is no
14 genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of
15 law." Fed. R. Civ. P. 56(c).  In assessing a motion for summary judgment, the evidence, together
16 with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable
17 to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,
18 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).
19       The moving party bears the burden of informing the court of the basis for its motion, along
20 with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*,
21 477 U.S. 317, 323 (1986).  On those issues for which it bears the burden of proof, the moving party
22 must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could
23 find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.
24 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).
25       To successfully rebut a motion for summary judgment, the non-moving party must point to
26

facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

### III. Discussion

#### a. Copyright Infringement

To establish a prima facie case of copyright infringement, a plaintiff must demonstrate that: (1) he is the owner of the infringed material; and (2) the infringer violated at least one exclusive right of the copyright. *See LGS Architects, Inc. v. Concordia Homes*, 434 F.3d 1150, 1156 (9th Cir. 2006). These exclusive rights include the ability to copy the copyrighted work or produce subsequent derivative works. *See* 17 U.S.C. § 106.

In this instance, defendants admit they copied the floor plans from SalesTraq's website and that numerical identifiers were also partially copied in the mistaken belief that these numbers originated with the builders and not SalesTraq. *See* Doc. #39. Defendants argue, however, that this portion of SalesTraq's Information Content is comprised of uncopyrightable facts and therefore, there has been no copyright infringement. In support of their position, defendants rely upon, *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991).

In *Fiest*, a publishing company copied listings from a rural telephone carrier's directory and incorporated those listings into the publisher's directory. *Id.* at 343-344. The carrier sued the

publisher for copyright infringement, claiming that the publisher's directory infringed the carrier's directory. *Id*. at 344. On appeal, the Supreme Court held that the carrier's listings were uncopyrightable facts. *Id.* at 361. The Court held that in order to be copyrightable, a work must be original, which means that "the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Id*. at 345. The Court expounded that factual compilations could possess the requisite originality if an author chooses "which facts to include, in what order to place them, and how to arrange the collected data so that they may be used effectively by readers" and those choices as to selection and arrangement and entail a minimum degree of creativity (i.e., not alphabetically). *Id*. at 348.

As a preliminary matter, the court finds that the Information Content in its entirety is copyrightable expression under *Feist.* The compilation was the result of independent selection, coordination and arrangement. *See Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 357-58 (1991) (stating that facts may be copyrightable when they are selected, coordinated, or arranged in an original manner).

However, the issue before the court is not whether the entire SalesTraq compilation is copyrightable, but whether the floor plans and numeric designators, once completely removed from the SalesTraq search algorithms and the additional content they reference, are copyrightable expression. First, the court finds that the floor plans are uncopyrightable facts. The floor plans were originally provided by the home builders and developers to the public. *See* Doc. #45. SalesTraq did not create these floor plans; they only collected them. Thus, the floor plans are akin to the phone listings at issue in *Feist*. *See, Feist* 499 U.S. at 361.

Second, the court finds that SalesTraq's numeric designators are only useful internally on SalesTraq's cite to aid in searching for additional content. The numbers are part of the operation of the search engine only and are not part of the creative arrangement of the compilation. While the numbers may serve as a designator for coordination of facts within the SalesTraq database, the

4

portion of copied numerical designators loses all function and becomes an arbitrary set of numbers outside of that database. Any originality, and thus, copyrightability, arises from SalesTraq's organization of the Information Content within its own website and search engine. Thus, the numbers themselves are not copyrightable original expression upon which a claim for copyright infringement can be based.

In the alternative, SalesTraq argues that there remains an issue of material fact as to the extent of defendants' copying and whether it encapsulated the entire compilation. However, there is no evidence that defendants copied the entire SalesTraq compilation or SalesTraq's coordination or arrangement of the floors plans. More importantly, there is no evidence that defendants copied any of the additional Information Content included in SalesTraq's database. To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). Here, SalesTraq has failed to provide any evidence to contradict defendants' admission that only the floor plans and numbers embedded on the floor plans were copied. Accordingly, defendants are entitled to judgment as a matter of law on SalesTraq's copyright infringement claim.

**b. Preemption**

Defendants argue that SalesTraq's remaining claims are preempted by the Copyright Act. *See* Doc. #39. A cause of action is preempted under the Copyright Act unless it contains an additional element that is qualitatively different from a copyright infringement claim. *See Summit Mach. Mfg. Corp. v. Victor CNC Sys., Inc.*, 7 F.3d 1434, 1439-40 (9th Cir. 1993); *G.S. Rasmussen & Associates, Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 904 (9th Cir. 1992). However, the "mere presence of an additional element is not enough." *Laws v. Sony Music Entertainment*, 448 F.3d 1134, 1144 (9th Cir. 2006). The additional element must transform the nature of the action to one not grounded in copyright. *Id*.

5

1    Here, defendants argue that the nature of the remaining claims are essentially the same as a
2 copyright infringement claim, namely, SalesTraq asserts that defendants copied, reproduced and
3 displayed copyrighted material without SalesTraq's consent. However, SalesTraq has structured its
4 remaining claims on defendants' violation of the implied licensing agreement and subsequent use
5 of that information without consent. These claims are therefore grounded in contract and are not
6 preempted by the Copyright Act. *See Sun Microsystems v. Microsoft Corp.*, 188 F.3d 1115, 1116-
7 18 (9th Cir. 1999) (finding that a party may pursue a breach of a licensing agreement as a contract
8 claim rather than an infringement claim).

9    IT IS THEREFORE ORDERED that defendants' motion for summary judgment (Doc. #39)
10 is GRANTED in-part and DENIED in-part. The motion is GRANTED as to plaintiff's claim for
11 copyright infringement which is accordingly DISMISSED. The motion is DENIED as to the
12 remaining claims.

13    **IT IS FURTHER ORDERED** that the parties shall lodge their proposed joint pretrial
14 order within thirty (30) days from entry of this Order. See Local Rules 16-4 and 26-1 (e)(5).

15    IT IS SO ORDERED.
16    DATED this 14th day of January, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE