UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

|  |  |
|---|---|
| SALESTRAQ AMERICA, LLC, ) ) ) Plaintiff, ) ) v. ) ) JOSEPH A. ZYSKOWSKI, ) DEVMARKETING, INC., ) ) Defendants. ) ) | 2:08-CV-1368-LRH-LRL  ORDER |

Before the court is counter-defendant Larry E. Murphy's ("Murphy") motion to dismiss defendants' counterclaims filed on October 16, 2009. Doc. #43[1].

Also before the court are defendants' motion for entry of clerk's default (Doc. #41) and defendants' motion to amend the motion for entry of clerk's default (Doc. #44).

**I.      Facts and Background**

Plaintiff SalesTraq America, LLC ("SalesTraq") is a Nevada business that provides information about the features of residential property in Las Vegas through its website, salestraq.com. Defendant Joseph A. Zyskowski ("Zyskowski") is the president of defendant devMarketing, Inc. ("devMarketing").

In 2007, Zyskowski purchased a six-month subscription to SalesTraq. Thereafter,

---

[1] Refers to the court's docket number.

defendants began operating their own website, devMLS.com, which allegedly includes reproductions of SalesTraq's content. Salestraq subsequently brought suit for copyright infringement. Doc. #1.

Defendants filed counterclaims against SalesTraq alleging: (1) false description under 15 U.S.C. § 1125(a)(1)(B); (2) defamation; (3) intentional interference with prospective economic advantage; and (4) attempt to maintain a monopoly. Doc. #32. Defendants also joined non-party Murphy as a counter-defendant to the action. *Id*. Thereafter, counter-defendant Murphy filed the present motion to dismiss defendants' counterclaims. Doc. #43.

**II.     Motion to Dismiss Counterclaims**

Pursuant to Fed. R. Civ. P. 13(a), a defendant must state any counterclaim it has against an opposing party if the claim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Here, Murphy argues that he was not an opposing party to the action at the time the counterclaim was filed. Further, Murphy argues that he is not an indispensable party under Fed. R. Civ. P. 19 because the court can grant complete relief to the existing parties without his presence. Thus, Murphy argues there was no basis to include him as a counter-defendant and that his addition to the counterclaims was procedurally improper.

However, "persons other than those made parties to the original action may be made parties to a counterclaim" in accordance with the provisions of Rule 20. FED. R. CIV. P. 13(h). Rule 20(a) provides for the permissive joinder of parties as defendants if there is "any right to relief asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P 20. Here, defendants' allege that both SalesTraq and Murphy engaged in the actions forming the counterclaims. Further, the counterclaims seek to hold both counter-defendants jointly or severally liable. Accordingly, Murphy's joinder to the counterclaims was procedurally proper.

### III. Remaining Motions

Defendants filed a motion for entry of clerk's default on October 16, 2009, arguing that counter-defendant Larry E. Murphy was served on August 28, 2009, and had failed to file an answer or otherwise respond to the counterclaims in a timely manner. Doc. #41. Thereafter, defendants filed a motion to amend the motion for entry of clerk's default noting that counter-defendant Larry E. Murphy was not served until September 10, 2009. Doc. #44. The court will grant defendants' motion to amend the motion to reflect the actual service date of counter-defendant Larry E. Murphy.

As to defendants' motion for entry of clerk's default, counter-defendant Murphy filed his motion to dismiss the counterclaims the same day defendants filed the motion for entry of clerk's default. Doc. #43. The court recognizes the public has a strong interest in the resolution of cases on their merits. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Accordingly, the court will deny defendants' request for an entry of clerk's default because counter-defendant Murphy responded to the counterclaims.

IT IS THEREFORE ORDERED that counter-defendant's motion to dismiss (Doc. #43) is DENIED.

IT IS FURTHER ORDERED that defendants' motion to amend (Doc. #44) is GRANTED.

IT IS FURTHER ORDERED that defendants' motion for entry of default (Doc. #41) is DENIED.

IT IS SO ORDERED.

DATED this 14th day of January, 2010

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE