1
2
3
4
5
6                        UNITED STATES DISTRICT COURT

7                            DISTRICT OF NEVADA

8                                    * * *
                                      )
9   SALESTRAQ AMERICA, LLC,           )
                                      )
10              Plaintiff,            )          2:08-cv-01368-LRH-LRL
                                      )
11   v.                               )
                                      )          ORDER
12   JOSEPH A. ZYSKOWSKI,             )
     DEVMARKETING, INC.,              )
13                                    )
                Defendants.           )
14   _____)

15          Before the court is defendants' motion for reconsideration filed on January 28, 2010.

16   Doc. #62[1]. Plaintiff SalesTraq America, LLC ("SalesTraq") filed a response on February 12, 2010.

17   Doc. #66. Thereafter, defendants filed a reply on February 19, 2010. Doc. #68.

18          Also before the court is defendants' motion to consolidate. Doc. #64.

19   **I.      Facts and Background**

20          Since 1994, SalesTraq has been in the business of publishing, on a fee-for-subscription

21   basis, a compilation of floor plans for residential property in the Las Vegas area through its website

22   salestraq.com. The SalesTraq compilation also includes a wide variety of additional content;

23   pictures, measurements, architectural features, age of homes, builders and developers ("Information

24   Content"). On September 10, 2008, SalesTraq was issued a copyright (TX0006864245) for its

25

26          _____
                 [1] Refers to the court's docket number.

1  compilation. In conjunction with the compilation, SalesTraq developed numeric designators that

2  are searchable through salestraq.com's unique computer search algorithms and which reference

3  different portions of the Information Content.

4         Defendant Joseph A. Zyskowski ("Zyskowski") is the president of defendant devMarketing,

5  Inc. ("devMarketing"). In 2007, defendants created a property database for the Las Vegas area and

6  began operating a website, devMLS.com, which publishes active listings of all open home

7  developments. Defendants purchased a six-month subscription to salestraq.com to expand the

8  database by copying SalesTraq's archived floor plans.

9         SalesTraq brought suit for copyright infringement. Doc. #1. Defendants subsequently

10  moved for summary judgment (Doc. #39) which was granted in-part and denied in-part (Doc. #60).

11  Thereafter, defendants filed the present motion to reconsider the court's order. Doc. #62.

12  **II.    Motion to Reconsider**

13         The federal district court has the inherent power to revise, correct, or amend interlocutory

14  orders at any time prior to a final judgment. *See School Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105

15  (9th Cir. 1958). A previous order may be reconsidered when the decision is clearly erroneous, there

16  has been an intervening change of law, or there is manifest injustice. *See United States v. Cuddy*,

17  147 F.3d 1111, 1114 (9th Cir. 1998).

18         Defendants argue that reconsideration is warranted because the court misinterpreted their

19  arguments regarding SalesTraq's state law claims. The court, in its January 15, 2010 order denying

20  in-part defendants' motion for summary judgment, concluded that none of the state law claims

21  remaining after dismissal of SalesTraq's copyright claim were preempted by the Copyright Act.

22  Defendants argue that, as to SalesTraq's breach of an implied license claim, their position was that

23  there was insufficient evidence in the record to support SalesTraq's claim, not that the claim was

24  preempted. The court will take this opportunity to clarify its denial of summary judgment.

25         Summary judgment is appropriate only when "the pleadings, depositions, answers to

26
                                            2

1   interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

2   genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

3   law." Fed. R. Civ. P. 56(c).  In assessing a motion for summary judgment, the evidence, together

4   with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable

5   to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

6   587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

7           Defendants argue that SalesTraq has failed to put forth evidence that defendants, by

8   purchasing a subscription to SalesTraq's website and copyrighted content, impliedly promised to

9   not use the provided content on their own independent website. However, viewing the evidence in

10  the light most favorable to SalesTraq, the court finds that there is sufficient evidence to infer that by

11  subscribing to SalesTraq's website, defendants entered into an implied license which governed

12  defendants' ability to access and use content from SalesTraq's website. Specifically, SalesTraq

13  licensed its product through a subscription service license which prevented copying of the

14  compilation, use of the compilation for financial gain, or for direct competition with SalesTraq.

15  Additionally, Zyskowski testified in his deposition to the existence of the subscription license.

16  Accordingly, the court finds that there is sufficient evidence to raise a genuine issue of material fact

17  as to the existence of an implied license.

18  **III.      Motion to Consolidate**

19           Defendants move this court for an order separating defendants' counterclaims against

20  SalesTraq and consolidating those counterclaims with a separate action, case no. 2:10-cv-0062,

21  which defendants initiated against new defendant SalesTraq Inc., a separate legal entity from

22  SalesTraq America LLC, the plaintiff in this matter.

23           Defendants' motion appears to be in response to the court's previous order denying

24  defendant's motion to amend Scheduling Order and to add an additional party (#42).  The motion

25  was denied on January 7, 2010, and shortly thereafter plaintiff filed a new action seeking to

26

1   accomplish what it was unable to achieve through its motion to add an additional party in this

2   action.  Defendants now seek to consolidate their counterclaim in this action with the newly filed

3   action.

4        Defendants' motion is clearly untimely, has previously been decided by the court, and is

5   futile.  Accordingly, the court shall deny the motion to consolidate.

6        However, the court takes notice of the parties' stipulation to extend the time to file the joint

7   pre-trial order. Doc. #65. The request for an extension of time shall be granted and the parties shall

8   have thirty days after the filing of this order to file a joint pretrial order.

9        IT IS THEREFORE ORDERED that defendants' motion for reconsideration (Doc. #62) is

10   DENIED.

11        IT IS FURTHER ORDERED that defendants' motion to consolidate (Doc. #64) is

12   DENIED.

13        IT IS FURTHER ORDERED that the stipulation to extend time to file a joint pretrial order

14   (Doc. #65) is GRANTED. The parties shall lodge their proposed joint pretrial order within thirty

15   (30) days from entry of this order. *See* Local Rules 16-4 and 26-1(e)(5).

16        IT IS SO ORDERED.

17        DATED this 16th day of March, 2010.

18

19                                      _____

20                                      LARRY R. HICKS
                                   UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26