UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

SALESTRAQ AMERICA, LLC,

        Plaintiff,

v.

JOSEPH A. ZYSKOWSKI,
DEVMARKETING, INC.,

        Defendants.

2:08-cv-01368-LRH-LRL

ORDER

Before the court is defendants' motion for sanctions filed on May 27, 2010. Doc. #83. Plaintiff SalesTraq America, LLC ("SalesTraq") filed a response (Doc. #84) to which defendants replied (Doc. #85).

**I.     Facts and Background**

On October 9, 2008, SalesTraq brought a complaint for copyright infringement against defendants Joseph A. Zyskowski ("Zyskowski") and devMarketing, Inc. ("devMarketing"). Doc. #1. Discovery opened on January 9, 2009, and pursuant to the court's scheduling order, the discovery cut-off date was August 28, 2009. Doc. #20.

On August 11, 2009, seventeen days before the close of discovery, SalesTraq served its request for written discovery upon defendants. Defendants opposed the request as untimely. In response, SalesTraq filed a motion to compel discovery responses (Doc. #56) which was denied by

the magistrate judge (Doc. #82). Thereafter, defendants filed the present motion for sanctions in the amount of $2,650.00 pursuant to Federal Rule of Civil Procedure 37. Doc. #83.

**II.    Discussion**

Rule 37 of the Federal Rules of Civil Procedure provides in pertinent part that if a motion to compel discovery responses is denied the court must require the party filing the motion to pay the reasonable expenses of the party opposing the motion, including attorney's fees related to opposing the motion. FED. R. CIV. P. 37(a)(5)(B). However, a court "must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id*.

Here, SalesTraq argues it was substantially justified in filing the motion to compel because prior to serving its written request for discovery, defendants had filed a motion to extend the discovery deadline. However, at the time SalesTraq filed its written request for discovery and its subsequent motion to compel, there had been no extension of the discovery deadlines. Further, it was clear that SalesTraq's written discovery was untimely the date it was served.

Moreover, the magistrate judge considered SalesTraq's arguments in the order denying the motion to compel and found them to be without merit. *See* Doc. #82 ("Nor does [SalesTraq] explain why, in light of the obvious tardiness of the discovery requests, it did not itself petition the court for an extension of the discovery deadline. Instead, remarkably, [SalesTraq] attempts to place the burden on seeking an extension of time on defendants."). Therefore, based on the record before the court, the court finds that SalesTraq's motion to compel was not substantially justified. Accordingly, the court shall grant defendants' motion and award defendants reasonable attorney's fees in the amount of $2,650.00 for opposing SalesTraq's denied motion to compel.

///
///
///
///

1     IT IS THEREFORE ORDERED that defendants' motion for sanctions (Doc. #83) is
2 GRANTED in the amount of $2,650.00.
3     IT IS SO ORDERED.
4     DATED this 4th day of November, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE